1  Derek Newman, State Bar No. 190467
   *derek@newmanlaw.com*
2  Sophy Tabandeh, State Bar No. 287583
   *sophy@newmanlaw.com*
3  Peri-Elle Cabagnot, State Bar No. 301784
   *peri-elle@newmanlaw.com*
4  NEWMAN DU WORS LLP
5  100 Wilshire Boulevard, Suite 700
   Santa Monica, CA 90401
6  Telephone:  (310) 359-8200
7  Facsimile:   (310) 359-8190

8  Attorneys for Plaintiff
   Kristen Pierson
9

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KRISTEN PIERSON, an individual, | Case No. 2:16-cv-5555 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| EPIC RIGHTS, INC., a California Corporation; and DOES 1–5, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

KRISTEN PIERSON, ("Pierson" or "Plaintiff") hereby alleges for her complaint against EPIC RIGHTS, INC. ("Epic Rights") and DOES 1–5 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over Epic Rights because it conducts substantial business in the State of California and in this judicial district.

3. Venue is appropriate under 28 U.S.C. § 1391(b)(1)–(3).

## II.   PARTIES

4. Plaintiff is an individual and resident of Rhode Island.

5. Epic Rights is a California corporation with its principal business address at 8730 W. Sunset Blvd., Suite 500, Los Angeles, CA 90069.

6. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III.   FACTS

**A.   Pierson created copyrightable photographs and registered them with the U.S. Copyright Office.**

7. Pierson is an award-winning photographer who specializes in event

and live-music photography. Her business is based on licensing and selling the photographs she creates. She regularly licenses her images to musicians, music studios, and music promoters, as well as to magazines and other media.

8. Pierson owns all rights to photographs of the singer Dave Matthew and the bands Slipknot, Mumford & Sons, Sick Puppies, and Evanescence (the "Infringing Images"). The Infringing Images were displayed on Epic Rights's public website without Pierson's permission.

9. Pierson registered the Infringing Images with the U.S. Copyright Office and has Copyright Registration Nos. VA 1-827-176 (August 27, 2012), VA 1-842-012 (September 29, 2012), VA 1-849-561 (January 9, 2013), VA 1-855-221 (April 16, 2013), VA 1-887-068 (January 15, 2014), VA 1-958-792 (June 17, 2015). Copies of the registrations are provided as Exhibit A.

**B. Epic Rights copied and displayed the Infringing Images on its public website without license or permission from Pierson.**

10. Epic Rights is a global branding, marketing, and rights management company that represents musical artists including Madonna, Barbara Streisand, Aerosmith, and KISS. To promote its business, Epic Rights maintains a website located at <www.rockpaperphoto.com>.

11. On or around December 2015, Pierson discovered that Epic Rights was displaying the Infringing Images on its public website without license or permission. Attached as Exhibit B are screenshots of Epic Rights's infringing uses.

### IV.   CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

12. Pierson hereby incorporates Paragraphs 1–11 by reference.

13. Pierson is, and at all relevant times has been, the owner of the copyrights in the Infringing Images.

14. The Infringing Images are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

15. Pierson has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

16. Pierson registered the copyrights in the Infringing Images with the United States Copyright Office.

17. Pierson has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Images, (2) prepare derivative works based on the Infringing Images, (3) distribute copies of the Infringing Images, and (4) display the Infringing Images publicly.

18. Without the permission or consent of Pierson, the Infringing Images were reproduced, derivative works were made from it, copies were distributed of it, and they were displayed on Epic Rights's website.

19. Pierson's exclusive rights in the Infringing Images were violated.

20. Epic Rights induced, caused, or materially contributed to the infringements.

21. Epic Rights had actual knowledge of its infringement.

22. Epic Rights acted willfully.

## VI.  RELIEF REQUESTED

WHEREFORE, Pierson asks this Court to enter judgment against Epic Rights and Epic Rights's subsidiaries, affiliates, agents, employees, Does 1–5, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Infringing Images by Defendants under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Defendants of the Infringing Images and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Pierson as the result of Defendants' infringement plus the profits of Defendants attributable to the infringements under 17 U.S.C. § 504(b);

4. Alternatively, if Pierson so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5. A judgment that Defendants' infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated July 26, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
Sophy Tabandeh, State Bar No. 287583
Peri-Elle Cabagnot, State Bar No. 301784

Attorneys for Plaintiff
KRISTEN PIERSON

# JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Kristen Pierson demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated July 26, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
Sophy Tabandeh, State Bar No. 287583
Peri-Elle Cabagnot, State Bar No. 301784

Attorneys for Plaintiff
KRISTEN PIERSON